UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TERRIE L. DUGGER )
 )
v. ) NO. 2:05-CV-266
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

MEMORANDUM OPINION

The plaintiff Terrie L. Dugger has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Dugger was born in 1960 and was 44 years old at the time of her administrative hearing. [Tr. 18]. She received her graduate equivalency degree diploma and has relevant past work experience as a sewing machine operator, waitress, and dispatcher. [*Id.*]. In July 1999, Ms. Dugger was found disabled beginning April 24, 1997, from degenerative disc disease and major depression. [Tr. 59]. On December 30, 2002, Ms. Dugger was informed that her disability benefits were terminated as of December 27, 2002, because she did not cooperate

in the required continuing review of her disability. [Tr. 45, 49-50]. In January 2003, Ms. Dugger requested reconsideration of her termination. [Tr. 51]. Following her absence at two requested hearings, her reconsideration was reviewed based upon the file evidence. [Tr. 55-60, 74-83]. In November 2003, the decision that Ms. Dugger was no longer disabled was upheld. [Tr. 55, 60]. An Administrative Law Judge [ALJ] reviewed that decision in August 2004 and found that Ms. Dugger had experienced medical improvements in her impairments that were related to her ability to work; consequently, she was not disabled as defined by the Social Security Act. [Tr. 18, 22].

At Ms. Dugger's administrative hearing held on June 14, 2004, the testimony of Ms. Dugger and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 338-50]. Ms. Dugger testified she currently lived in a shelter for homeless women and children. [Tr. 338]. She indicated she did not believe she had improved since the last time she was before the ALJ in 1999. [Tr. 339]. Ms. Dugger testified it takes her all day long to do her laundry because of back pain that spreads from her neck through her legs. [Tr. 340]. She also had a painful right hip. [*Id.*]. Ms. Dugger claimed she reclines several times a day to ease her back pain. [Tr. 341]. She had a recent stay in a psychiatric facility because she started using drugs, specifically cocaine. [Tr. 342]. Ms. Dugger testified that she is now

clean and sober. [Tr. 343]. She has had past jobs as a waitress, sewing machine operator, manager, driver, and dispatcher. [Tr. 347].

Vocational expert Dr. Norman Hankins testified next. [Tr. 348-50]. According to Dr. Hankins, Ms. Dugger's past relevant work as a sewing machine operator and waitress was light and semi-skilled; her work as a dispatcher was sedentary and skilled; her work as a driver was medium and semi-skilled; and her work as a manager was light and skilled. [Tr. 349]. The ALJ then asked Dr. Hankins to assume a woman of Ms. Dugger's age, education, and work background. [Tr. 350]. He was also asked to assume Ms. Dugger's testimony was credible and reliable and apply it to the hypothetical individual. [*Id*.]. According to the vocational expert, such a person would be placed at less than sedentary in her residual functional capacity [RFC] and could not work. [*Id*.].

The ALJ found that Ms. Dugger had experienced medical improvements in her impairments that were related to her ability to work. [Tr. 18]. The ALJ then found Ms. Dugger retained the RFC "[s]ince at least December 2002, absent her alcohol and other drug use . . . to perform the exertional and non-exertional requirements of work except for work requiring greater than light exertion." [Tr. 23]. With those limitations, Ms. Dugger could perform her past relevant work as a sewing machine operator, waitress, and dispatcher. [*Id*.].

3

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Because this case involves a review of whether Ms. Dugger should have been terminated from receiving disability benefits, she bears a "continuing burden" to provide evidence that she is disabled. *Matthews v. Eldridge*, 324 U.S. 319, 336 (1976).

Ms. Dugger requests summary judgment and challenges the ALJ's rejection of the opinion of Dr. H. Frank Edwards, a state agency psychiatrist. According to an assessment by Dr. Edwards in February 2003, Ms. Dugger had a moderate restriction in her activities of daily living as well as moderate difficulties in maintaining social functioning, concentration, persistence, and pace. [Tr. 176]. Dr. Edwards also indicated there was "no evidence of medical improvementis [*sic*]

noted. She had moderate limitations at [the time of the] ALJ decision and continues with moderate limitations." [Tr. 184]. According to the ALJ, the opinion of Dr. Edwards was "not revealing" because it was made "prior to the receipt of important medical records." [Tr. 21]. The ALJ did not indicate the medical records to which he was referring. Pursuant to *Social Security Ruling* 96-8p [SSR 96-8p], an ALJ must consider the findings of state agency medical consultants like Dr. Edwards. Based on the limited information contained in the ALJ's opinion, this court cannot properly review the ALJ's decision concerning the opinion of Dr. Edwards to determine if it was made in compliance with SSR 96-8p.

Under the fourth sentence of 42 U.S.C. § 405(g), this court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), this action is remanded to the Commissioner for further development of the evidence regarding the ALJ's analysis of Dr. Edward's opinion.

Ms. Dugger's other assertions regarding the ALJ's opinion cannot be properly addressed before the remand.

After careful consideration of the entire record of proceedings related to this case, the Commissioner's motion for summary judgment [Doc. 18] is denied, Ms. Dugger's motion for summary judgment is granted in part, and this action is remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further development of the evidence regarding the ALJ's analysis of Dr. Edward's opinion.

An appropriate order will follow.


ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE